(56 Misc. Rep. 545.)

## SCOTT v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Term. November 29, 1907.)

1. EVIDENCE—HEARSAY.

A policy provided that it should be void if insured before its date had been attended by a physician for any serious disease, or had had before such date any pulmonary disease or chronic bronchitis, etc. The policy was issued in September, 1906, and insured died of tuberculosis in November following. Her attending physician certified that his attendance extended from October 12, 1906, to November 11, 1906, and that he had never attended or prescribed for her prior to the first date, though she had been ill since June, 1905, and had been treated at Liberty Hospital from June, 1905, until September, 1905. *Held*, that such evidence as to insured's condition and treatment prior to October 12th was hearsay.

2. INSURANCE—LIFE POLICY—EVIDENCE.

The evidence was also inadmissible, as it failed to establish any connection between such alleged previous illness and the cause of her death, and did not show that such previous illness, if any, was from a serious disease within the conditions of the policy.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 20, Evidence, §§ 1193–1200.]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Ellen Scott against the Metropolitan Life Insurance Company. From a Municipal Court judgment for plaintiff, defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Ritch, Woodford, Bovee & Butcher (Frederick C. Tanner, of counsel), for appellant.

L. Ruser, for respondent.

LEVENTRITT, J. A policy of insurance was issued to the insured in September, 1906, and the insured died in November following. In an action brought to recover the proceeds of the policy, the defendant set up as a defense the breach of a condition of the policy which reads as follows:

"Unless otherwise stated in the blank space below in a waiver signed by the secretary, this policy is void if the insured before its date has been rejected for insurance by this or any other company, or has been attended by a physician for any serious disease or complaint, or has had before said date any pulmonary disease or chronic bronchitis: * * * Provided, however, that no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in sound health."

The defendant claimed that the insured was not in sound health at the time the policy was issued; that she had a pulmonary disease, for which she had been attended by a physician for four months during the preceding year; and that she never recovered from that disease. The court below gave judgment for the plaintiff, and the defendant appeals.

To establish its defense the defendant relied on the proofs of death of the insured, and it now contends that the statements therein con-

tained operate to defeat recovery on the policy. The attending physician certified that the cause of death was pulmonary tuberculosis; that he attended the deceased at Seton Hospital, Spuyten Duyvil, from October 12, 1906, to November 11, 1906, the date of her death. Then follow these questions and answers:

"(10) Did you ever attend or prescribe for deceased, except as stated? * * * A. No. (11) How long had deceased been ill when you were called to attend? A. Since June, 1905. * * * (17) Was deceased ever treated by a physician, or at a hospital or other institution, prior to your attendance? If so, please specify. A. Liberty; June, 1905, till September, 1905."

These statements do not prove that at or before the date of the policy the insured had any pulmonary disease, or that she was not in sound health, or that before that date she had been attended by a physician, for any serious disease. The statement of the physician that the deceased had been ill since June, 1905, has no probative force, when considered in the light of his prior statement that he had never attended or prescribed for her, except in October and November, 1906. At most, it is hearsay. Furthermore, no relation is established between that alleged illness and the pulmonary tuberculosis which caused death, and there is no evidence that the illness was from any serious disease. The statement that the deceased was treated at Liberty from June to September, 1905, is subject to the same criticism, and, in the absence of proof that the treatment was either for tuberculosis or some other serious disease, it is of no value. The contention of the defendant finds support only in inference and unjustifiable presumptions. The defendant assumed the burden of establishing affirmatively the defense pleaded. In this regard it failed, and the court below properly rendered judgment in favor of the plaintiff.

Judgment affirmed, with costs. All concur.